IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LEVAR GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 117-029 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Levar Grant appeals the decision of the Acting Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I. BACKGROUND**

Plaintiff applied for DIB in December of 2013, alleging a disability onset date of November 18, 2013. Tr. ("R."), pp. 69-71. Plaintiff's last insured date for purposes of the DIB application was December 31, 2017. R. 70. Plaintiff was thirty-four years old on his alleged disability onset date. Id. Plaintiff applied for benefits based on allegations of spinal cord injury,

back injury, diabetes, high blood pressure, high cholesterol, and gastrointestinal problems. Id. Plaintiff has a tenth grade education, and prior to his alleged disability, Plaintiff had accrued relevant work history as a fiberglass machine operator, material handler, yarn texturing machine operator, poultry dresser, lumber grader, and stock clerk. R. 41, 63, 69.

The Social Security Administration denied Plaintiff's applications initially, R. 91-94, and on reconsideration, R. 96-99. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), R. 104-05, and the ALJ held a hearing on January 8, 2016. R. 48-68. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Larry L. Shedd, a Vocational Expert ("VE"). Id. On January 13, 2016, the ALJ issued an unfavorable decision. R. 36-43.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since November 18, 2013, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; hypertension; and diabetes (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4. The claimant has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b),[1] except he can frequently climb ladders, ropes, and scaffolds;

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary

2

> can occasionally stoop; and must avoid concentrated exposure to hazards such as machinery, heights, and similar circumstances. Thus, the claimant is capable of performing past relevant work as a lumber grader. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. § 404.1565).

R. 38-43.

Because the ALJ determined Plaintiff could perform his past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from November 18, 2013, through the date of the decision, January 13, 2016. R. 43. When the Appeals Council ("AC") denied Plaintiff's request for review, R. 7-13, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.

---

> work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(c).

Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff argues the ALJ erred by failing to obtain an updated medical opinion from state agency examiners after Plaintiff had his MRI. (Doc. no. 10 (hereinafter "Pl.'s Br."), pp. 15-18.) As discussed herein, the ALJ's decision to not obtain an updated opinion from state agency

4

medical consultants was not supported by substantial evidence and the case should be remanded.

### A. Step Three Framework and Standard

If at step two of the evaluation process an ALJ finds a claimant has an impairment or combination of impairments that is "severe," then at step three the ALJ must determine whether that impairment or combination of impairments meets or medically equals the severity of a listed impairment in 20 C.F.R. Part 404, Subpart B, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002); see also 20 C.F.R. § 404.1525(a)-(d). Moreover, "to show that his impairment matches a listing, it must meet *all* of the specified medical criteria[;] [a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis in original).

An impairment "medically equals" a listing where "the medical findings are at least equal in severity and duration to the listed findings." 20 C.F.R. § 404.1526(a); see also Wilkinson o/b/o Wilkinson, 847 F.2d 660, 662 (11th Cir. 1987) ("In order to *equal* a listing, the medical findings must be at least equal in severity and duration to the listed findings.") (emphasis in original). Furthermore, "[a]ny medical findings in evidence [relating to medical equivalence] must be supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1526(b). A claimant cannot equal a listing by "showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." Zebley, 193 U.S. at 531.

The claimant bears the burden of producing medical evidence demonstrating his

condition or conditions meet or equal a listed impairment. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

### B. The ALJ's Failure to Obtain an Updated Medical Opinion from the State Agency Medical Consultants Regarding Listing 1.04 Is Not Supported by Substantial Evidence.

Plaintiff argues under SSR 96-6p, the ALJ was required to obtain an updated medical opinion from the state agency medical consultants after receiving Plaintiff's MRI results because those results could have modified the consultants' finding that Plaintiff's back injury did not meet Listing 1.04. Pl.'s Br., pp. 17-18. Listing 1.04 requires:

> [a] [d]isorder . . . of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord [w]ith . . . [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.

Thus, to meet Listing 1.04, a claimant must have a spine disorder resulting in "compromise of a nerve root or spinal cord" and show "evidence of nerve root compression" satisfying the four criteria quoted above. Id. During his consultative evaluation on January 13, 2014, Dr. Stephen Schacher found no lumbar spine fracture, subluxation, or significant degenerative changes based on a lateral lumbar spine x-ray and a lateral coned down lumbosacral spine x-ray. R. 281. Therefore, there was no medical evidence of nerve root compromise or compression. Based on this evaluation and the other available medical evidence, Drs. Ronald Rosen and Patricia Schiff did not consider whether Plaintiff met the requirements of Listing 1.04 or even diagnose Plaintiff's back injury as a medically determinable impairment. R. 70-89.

On April 11, 2014, Plaintiff had a lumbar spine MRI, which revealed "spinal canal and bilateral neural foraminel stenosis with some borderline nerve root impingement that is slightly more apparent on the right." R. 317. This new medical evidence showing nerve root impingement was unavailable to Dr. Schacher when he performed his consultative examination or Drs. Rosen and Schiff when they performed their determination reviews on January 16, 2014, and March 22, 2014, respectively. R. 70-89, 271-81. Despite this new evidence, the ALJ did not seek an updated medical opinion from Drs. Schacher, Rosen, and Schiff as to whether Plaintiff met Listing 1.04.

> SSR 96-6p provides in relevant part:
>
> [A]n administrative law judge and the Appeals Council must obtain an updated medical opinion from a medical expert . . . [w]hen additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

SSR 96-6p, 1996 WL 374180, at *3-*4 (S.S.A. July 2, 1996). However, an updated medical opinion is not required in every case, only "*when the ALJ is of the opinion* that the additional medical evidence may change the finding that an impairment is not equivalent to any of those listed in the Social Security Administration regulations." Carpenter v. Comm'r of Soc. Sec., 614 F. App' x 482, 487-88 (11th Cir. 2015) (emphasis in original).

The Commissioner argues this case is analogous to Carpenter, where the Eleventh Circuit held an ALJ's decision reflected new evidence would not have changed the medical expert's conclusions and was supported by substantial evidence. Id. at 488. However, this case is factually distinguishable. In Carpenter, the claimant's new imaging studies explicitly showed no evidence of active denervation, and the record was devoid of any imaging evidence supporting nerve root compression or impingement. Id. In contrast, Plaintiff's April MRI specifically

7

evidenced nerve root compression. R. 317.

The Commissioner also argues Carpenter recognizes SSR 96-6p provides ALJs with sole and unfettered discretion to decide whether additional evidence may change the experts' opinion such that an update should be obtained. On the contrary, the Court held as follows: "Accordingly, substantial evidence supports the ALJ's determination that the new evidence would not likely have changed the expert's opinion, and thus, SSR 96–6p did not require the ALJ to obtain an updated medical opinion regarding whether [the plaintiff]'s impairment met or equaled an impairment listed in the Social Security Administration regulations." Carpenter, 614 F. App'x at 488. Here, in contrast, substantial evidence does not support the ALJ's decision because there is a likelihood the new evidence would have changed the experts' opinions.

Moreover, the record is replete with evidence supporting a potential finding that Listing 1.04 was met. Plaintiff has demonstrated positive straight leg raise testing, limited range of motion in the spine, decreased motor strength, and decreased sensation in his left lower extremity. R. 275, 277-79, 299, 305, 313, 335, 365. Such findings, combined with the April MRI showing nerve root impingement, could have changed the state agency consultants' opinions that Plaintiff's back injury was a non-medically determinable impairment and did not meet Listing 1.04. Indeed, by assigning "limited weight to the state agency assessments, as they did not have access to subsequently-submitted evidence of further treatment and lumbar imaging," the ALJ implicitly acknowledged the April MRI findings could have materially changed those opinions. R. 41.

In sum, because the ALJ's decision to not seek an updated medical opinion from the state agency medical consultants after Plaintiff's April MRI is not supported by substantial evidence, a remand is warranted.

Because the Court recommends remand based on alleged error that stopped the sequential process at step three, the Court need not address Plaintiff's other allegations of error that he claims were committed at subsequent steps in the evaluation process but were necessarily not contained in the ALJ's written decision. Of course, should the District Judge accept this recommendation for remand, and should the sequential process proceed beyond step three on remand, all impairments evaluated, and any hypotheticals presented to a VE, must be in accordance with the applicable regulations and requirements of Eleventh Circuit case law.

**IV. CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 6th day of March, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA